PONDER, Judge,
dissenting.
I dissent.
Because of some feared results of applying the policy as written, the majority has rewritten the policy. The answer to such fears is that we do not have those cases before us.
Mrs. Maddox admittedly did not, and was not able to, meet the requirement of 30 hours’ work per week. This is quite a different situation from a prolonged scheduled summer vacation earned by her.
The majority points to the forwarding of the premiums by her employer and the letter of October 1 as tending to show that it was intended that her coverage would begin on July 1. I cannot agree that Pan American intended coverage. It certainly was not informed of her disability and so could not waive the contractual condition. There is no proof of any detrimental reliance to satisfy the requirement of equitable estoppel.
My opinion is further buttressed by the fact that the only form ever filled out was a payroll deduction form for withholding premiums from her paycheck. She never filled out a supplemental coverage form for increased benefits or a designation of beneficiary form.
Mrs. Maddox was not covered under the clear provisions of the Pan American policy. She had a valid claim against Prudential; I do not believe anyone ever intended she be covered under both policies.
For the above reasons, I would reverse the judgment of the trial court.